**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| James Scott Rodzejewski,<br><br>     Plaintiff,<br><br>v.<br><br>Prudential Insurance Company of America,<br><br>     Defendant. | Civ. Action No. 08-4726 (SDW)<br><br>**OPINION**<br><br>December 17, 2008 |

**Wigenton**, District Judge.

Before the Court is Defendant's, Prudential Insurance Company of America, ("Defendant") Motion to Dismiss Plaintiff's, James Scott Rodzejewski, ("Plaintiff") Complaint, for Failure to State a Claim, pursuant to Fed. R. Civ. P. 12(b)(6). The Court, having considered the parties' submissions, decides this motion without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, the Court **Grants** in part, and **Denies** in part, without prejudice, Defendant's Motion to Dismiss for Failure to State a Claim. The Court also **Grants** Plaintiff 30 days leave to amend his Complaint on specified claims.

**Factual and Procedural Background**

Plaintiff worked for Prudential as a Compliance Analyst ("CA") within the Centralized Transaction Review Unit ("CTR") from October 31, 1994 until September 7, 2007. In Plaintiff's opposition, he alleges that while working in the CTR it came to his attention that his female peers, specifically, Yvette Carscadden, Jackie Clerie, Elisa

Detrick, Linda Fogle, Bonnie Hartman, Lisa Hillyer, Debbie Martinez, Angela Powell-Smithen, Kirsten Rodriguez, Heather Toryak, Nalina Uppal, and Teresa Veneziano, were earning, on average, approximately eight (8) to fifteen (15) thousand dollars per year more than Plaintiff, despite having the same job duties and requirements as Plaintiff. Plaintiff submits that he requested a pay raise from his direct manager, Patricia Lee (title unknown); she stated that she would bring this to the attention of Kerry McManus, Eastern Region Vice President. Allegedly, Mr. McManus stated that CTR did not have the temperament for this type of request.

Plaintiff further contends that Team Leader, Tom Johnson made rude and unprofessional comments to him during weekly "huddle meetings". Plaintiff also submits that Vice President Chris Gaver argued with him and displayed aggressive and passive aggressive tendencies towards Plaintiff during the weekly "huddle meeting".

Additionally, Plaintiff alleges that he was required to do his peers' work in their absence, specifically the work of Heather Toryak and David Zena; he was not compensated for the additional work. Plaintiff believes that because of his continuous Complaints, he was ignored by CTR management Kerry McManus, Chris Garver, Patrick Hynes (title unknown), and others. Plaintiff asserts that he was forced to resign his position as Compliance Analyst because of the aforementioned treatment.

On August 22, 2007 Plaintiff wrote a resignation letter to his direct manager, Patricia Lee. The resignation letter stated that:

> "I would like to inform you that I plan on resigning from Prudential. If CTR management is agreeable, I would plan on making my last day of employment Friday, September 7, 2007."

(Pl. Ex. "B")

2

As a result of what Plaintiff believed was his constructive discharge, he filed a claim for unemployment benefits with the New Jersey Department of Labor and Workforce Development in or about September 2007. In response to Plaintiff's claim, Defendants' alleged that "[t]he claimant voluntarily quit to accept other employment." (Pl. Ex. "C")

On October 15, 2007 the Department of Labor and Workforce Development sent Plaintiff a letter denying him unemployment benefits. The letter states in pertinent part:

> You left work voluntarily on 09/02/07.
>
> You left your job voluntarily because your request for a raise was denied. You were being paid in accordance with the conditions of your employment and your employer had not provided to increase your rate of pay, therefore, your reason for leaving does not constitute good cause attributable to the work. You are disqualified for benefits.

(Pl. Ex. "D")

Plaintiff further contends that the above scenarios lead him to become emotionally distressed.

Plaintiff, *pro se*, alleges that Defendant's conduct resulted in his constructive discharge on August 22, 2007. On January 15, 2008, Plaintiff filed a Complaint in Superior Court, New Jersey, Middlesex County, against Defendant, alleging: 1) sexual discrimination against the Plaintiff in violation of the "Equal Pay and Compensation [D]iscrimination [Act]"; 2) constructive discharge; 3) libel and defamation; and 4) emotional distress.

On August 29, 2008, in lieu of an answer, Defendant filed a motion to dismiss for failure to state a claim. On September 22, 2008, Plaintiff filed opposition to Defendant's motion and simultaneously filed an Amended Complaint without the Court's permission.

3

Also, on September 22, 2008, Defendant removed the Complaint to federal court because Plaintiff's opposition stated, for the first time, that his claims were founded upon the Equal Pay Act of 1963 ("EPA"). With the request for removal, Defendant re-filed the instant Motion to Dismiss.

**Legal Standard**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in a light most favorable to the non-moving party. *Pinker v. Roche Holding Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977).

**Pay Discrimination**

To establish a claim based upon pay discrimination a party must prove that his "employer pays different wages to employees of opposite sexes for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Hodges v. Kontes Chemistry & Life Sci. Prod.*, 2000 U.S. Dist. LEXIS 2293, *47 (D.N.J. Mar. 6, 2000). If the Plaintiff is not a member of a protected class, he must show "background circumstances supporting the

4

suspicion that the defendant is the unusual employer who discriminates against the majority." *Bergen Commer. Bank v. Sisler*, 157 N.J. 188, 214 (1999).

In the instant matter Plaintiff's Complaint, paragraph one, states that "[u]pon discovering that I was being discriminated [against] according to 'Equal Pay and Compensation', Prudential denied addressing and correcting this matter." While Plaintiff's opposition to Defendant's motion is replete with facts, the Complaint is lacking factual detail. Plaintiff's Complaint fails to allege critical facts such as: Plaintiff is a member of a protected class or circumstances to support the notion that Prudential is the unusual employer who discriminates against the majority, Prudential paid different wages to employees of the opposite sex, for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. *Hodges v. Kontes Chemistry & Life Sci. Prod.*, 2000 U.S. Dist. LEXIS 2293, *47 (D.N.J. Mar. 6, 2000); see also, *Bergen Commer. Bank v. Sisler*, 157 N.J. 188, 214 (1999).

In his opposition, Plaintiff asserts that he is paid eight to fifteen thousand dollars, per year, less than his female counterparts for the same work, and often times more work than required of his female peers. However, Plaintiff neither alleges that he is a member of a protected class nor circumstances supporting the suspicion that Defendant is the unusual employer who discriminates against the majority, pursuant to *Berger*. These facts are necessary to pleading constructive discharge; failure to plead such facts is terminal to the allegation of pay discrimination.

The absence of specific factual allegations in the instant Complaint results in a Complaint that consists of unsupported, sweeping legal conclusions cast in the form of

5

factual allegations. *Miree v. Dekalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977). Thus, even accepting Plaintiff's allegations as true, and giving him all favorable inferences, he fails to meet the pleading requirements necessary to overcome a motion to dismiss for failure to state a claim. However, in an effort to provide Plaintiff, *pro se*, with the opportunity to cure the defects in this allegation, he is permitted thirty (30) days to amend his Complaint. Defendant's motion to dismiss Plaintiff's pay discrimination claim is hereby denied without prejudice.

**Constructive Discharge**

To establish a claim for constructive discharge a plaintiff must establish that "1) he was subject to discriminatory employment conditions based upon his membership in a protected category, and 2) that the conditions of employment were "so intolerable that a reasonable person subject to them would resign." *Shepard v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 24 (2002). If Plaintiff is not a member of a protected class, he must assert that Prudential is the "unusual employer who discriminates against the majority." *Erickson v. Marsh & McLennon Co.*, 117 N.J. 539, 551 (1990).

In the present case, Plaintiff at paragraph two of his Complaint states that "due to 'Constructive Discharge', on August 22, 2007, I was eventually forced to resign my position with Prudential." Plaintiff's constructive discharge claim neither states that: 1) he is a member of a protected category, nor 2) that his conditions of employment were so intolerable that a reasonable person subject to them would resign. *Shepard v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 24 (2002). Plaintiff's Complaint is devoid of factual allegations which would support a claim of Constructive Discharge. Likewise, Plaintiff's opposition does not assert that he is a member of a protected category or in the alternative

that Prudential is the unusual employer who discriminates against the majority. *Shepard*, 174 N.J. 1, 24 (2002).

Additionally, Plaintiff asserts that the constant disparaging by Prudential's management, silent treatment by his peers and management, as well as the additional work without compensation, became so intolerable that he, as a reasonable person, was forced to resign. Plaintiff's opposition fails to acknowledge that reasonableness is an objective standard. In other words, Plaintiff failed to plead that any person facing the same working conditions as Plaintiff, would be forced to resign their position because the working conditions are so intolerable that no reasonable person should be subject to such treatment. Plaintiff's Complaint, as is, consists of unsupported, sweeping legal conclusions cast in the form of factual allegations. *Miree v. Dekalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977). Thus, even accepting Plaintiff's allegations as true, and giving him all favorable inferences, he fails to meet the pleading requirements necessary to overcome a motion to dismiss for failure to state a claim. However, in an effort to provide Plaintiff, *pro se*, with an opportunity to cure his defective Complaint, he is permitted thirty (30) days to amend his Complaint as it relates to the claim of constructive discharge. Defendant's motion to dismiss Plaintiff's constructive discharge claim is hereby denied without prejudice.

**Libel and Defamation**

In order to establish a claim for libel and defamation, a plaintiff must establish that a specific false statement was made that harmed his "reputation in the eyes of the community or deterred third persons from associating with [him.]" *Russo v. Nagel*, 368, N.J. Super. 254, 262-63 (App. Div. 2003).

Statements made to a governmental agency are subject to qualified privilege. *Williams v. Bell Telephone Lab., Inc.*, 132 N.J. 109, 120 (1993). Qualified privilege does not grant complete immunity to a person making allegedly defamatory statements, but it does provide protection from liability if the alleged statements were made without actual malice. *Dairy Stores, Inc. v. Sentinel publishing Co.*, 104 N.J. 125, 148 (1986). The holder of the qualified immunity, however, "enjoys the benefit of a presumption that no express malice exists, which then requires the plaintiff to show that the statements were made with an indirect or improper motive." 50 Am Jur. 2d Libel and Slander § 5. Malice is proven by evidencing "abuse by excessive publication, either by the use of the occasion for the improper purpose, or lack of reasonable grounds for belief in the truth of what was said." *Rogozinski*, 152 N.J. Super. 133, 157 (1977).

In the present case, Plaintiff, in paragraphs three through five of his Complaint alleges that Defendant is liable for libel and defamation because Defendant maliciously made a false statement to the New Jersey Department of Labor and Workforce Development (a government agency) that resulted in his ineligibility for unemployment benefits. Plaintiff's Complaint neither states what Defendant's libelous and defamatory statement was, nor does it indicate that the statement harmed his reputation in the community, or deterred third persons from associating with him. *Russo v. Nagel*, 368, N.J. Super. 254, 262-263 (App. Div. 2003).

In his opposition Plaintiff states what he believes were the false statements made by the Defendant. He also alleges that these statements were made with the intention of harming him. However, the Complaint itself is devoid of factual allegations which establish a claim for libel or defamation. Plaintiff must plead this allegation with

8

specificity. In other words, Plaintiff must allege that Prudential not only made a false statement but also either took the occasion to communicate with the New Jersey Department of Labor and Workforce Development for an improper purpose or that Prudential lacked reasonable grounds to believe that the statements made were true. Plaintiff cannot sustain his allegation of libel and defamation. Plaintiff's Complaint only consists of unsupported, sweeping legal conclusions cast as factual allegations. *Miree v. Dekalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977). Although the Court has allowed Plaintiff 30 days to amend his Complaint as to all other allegations, the court will not permit plaintiff leave to amend his allegation of libel and defamation. The Court finds that Plaintiff's facts do not support his allegation of libel and defamation. The Court is not persuaded that Plaintiff can prove that the Defendant or its third party agent maliciously communicated false statements to the New Jersey Department of Labor and Workforce Development. Plaintiff admits that he voluntarily left Prudential. He also based his decision, in part, on the fact that he believed that he was not being paid accordingly. Those are the exact statements made to the New Jersey Department of Labor and Workforce Development by Defendant or its third party agent. Thus, Defendant's statement, giving Plaintiff all favorable inferences, is not a statement made for improper purposes or without reasonable grounds to believe that the statement was true. Defendant is entitled to qualified immunity pursuant to *Williams v. Bell Telephone Lab., Inc.*, 132 N.J. 109, 120 (1993).. Plaintiff's allegations do not rise to the level of maliciousness required in a case involving a statement made to a governmental agency. Therefore, Plaintiff's claim for libel and emotional distress is hereby dismissed.

**Emotional Distress**

A Plaintiff cannot make a claim for emotional distress without first establishing an underlying intentional tort. *Gennari v. Weichert Co. Realtors*, 288 N.J. Super 504, 549 (App. Div. 1996), *aff'd and modified*, 148 N.J. 582 (1997).

In the instant matter the court has permitted Plaintiff 30 days to amend his Complaint. Plaintiff must first establish his underlying claims for either discrimination or constructive discharge before the court can entertain an allegation of emotional distress. In light of the Court's rulings, that Plaintiff must amend his Complaint, it is premature for the court to address Plaintiff's emotional distress claim. Once the court is provided with an amended Complaint the court can consider whether Plaintiff's claims establish a claim for emotional distress.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss is hereby **Granted in part, and Denied in part**. Plaintiff is **Granted** 30 days leave to file an amended Complaint on specified claims.

s/Susan D. Wigenton, U.S.D.J.

Orig: Clerk
Cc: Judge Arleo
Parties